# STATE OF FLORIDA v LANG

## Case No. 83996-QH

County Court, Volusia County

September 1, 1988

### APPEARANCES OF COUNSEL

**Rosemary Calhoun** Assistant State Attorney, for plaintiff.
**Michael H. Lambert** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came before the Court on August 23, 1988 for a hearing on defendant's Motion to Suppress breath test results. This Court, based on stipulated facts and case precedent, finds as follows:

Defendant was arrested on February 6, 1988 and charged by Florida Uniform Traffic Citation with Driving Under the Influence in violation of § 316.1931(1) *Fla. Stat.* (1987). Defendant submitted to Intoxilyzer 5000 breath tests at 2:42 a.m., 2:43 a.m., and 2:49 a.m. with the following respective results: .190, .145 and .184.

The following paragraph is found on the HRS breath test form used in the instant case:

Note: The two (2) primary breath tests shall be run no more than five (5) minutes apart and the two (2) results are acceptable if within $\pm.02\%$, if more than .02% difference, a third (3) breath test or a blood test should be given and the results recorded.

The defense alleges that the "note" on the breath test form has been construed to be a rule within the meaning of the Administrative Procedure Act (see *State v Salisbury*, 24 Fla. Supp.2d 99 (Volusia Cty. Ct. 1987)) requiring two (2) tests be administered within a five (5) minute period with results being no greater than $\pm.02\%$ apart as a predicate to the admissibility of the results in evidence.

It is clear, as was stated by Judge Robert Schwartz in *State v Humphries*, 25 Fla. Supp.2d 100 (Palm Beach Cty. Ct. 1987) and *State v Dekay*, 27 Fla. Supp.2d 8 (Palm Beach Cty. Ct. 1987), that ". . . [T]he reason for the rule is to assure that the instrument is functioning properly and not reacting to some influence other than the alcohol contained in a suspect's breath." The rule must be substantially complied with. Failure of the tests to fall within the time and tolerance requirements of the rule is not substantial compliance.

If the purpose of the time and tolerance requirements between the first and second test is to assure machine accuracy it is a logical inference and an unstated rule that if the time and/or tolerance requirements are not met between these two tests and a third test is run it must also fall within the previously described parameters. Any other conclusion based on strict literal compliance with the rule would, if taken to its logical extreme, produce absurd results. For example, if a third test was given thirty to sixty minutes after the second and it produced an extremely higher or lower result than the first two tests (which did not meet the time and/or tolerance requirements) the results would be admissible simply because the third test was given. Such is not the purpose of the rule.

Based on the above and foregoing, it is hereby:

ORDERED and ADJUDGED that defendant's motion, based on

the uncontroverted fact that neither the time or tolerance requirements between the second and third tests were met, is granted.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 1st day of September, 1988.